IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No. 3:09-537-JFA-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Winston Able, individually and doing business as Reclaim Services, | ) | |
| Defendant. | ) | |

The plaintiff, the United States of America ("the United States" or "the Government"), filed this action seeking permanent injunctive relief against the defendant, Winston Able ("Able"), pursuant to I.R.C. §§ 7402, 7407, and 7408. The Government seeks to enjoin Able from engaging in various activities it contends violate federal tax statutes. (See generally Compl. at 15-19, Docket Entry 1 at 15-19.) By order filed October 22, 2009, the court directed the Clerk of Court to enter default against Able pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because, although Able had "appeared" within the meaning of Rule 55, he had failed to properly plead or otherwise defend against this action. (Docket Entry 39.) The Government then filed a motion for a default judgment pursuant to Rule 55(b)(2), and, in accordance with the Rule and the court's order, provided Able with notice of its motion by serving him with a copy. (See Docket Entry 44) (containing Certificate of Service). Able subsequently filed a document entitled "Affidavit of

Conditionally [sic] Acceptance" that appears to "conditionally accept" the order directing the Clerk to enter default.[1]  (Docket Entry 45.)

By virtue of the entry of default, Able is now deemed to have conceded the factual allegations of the Complaint.  See 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").  It remains for this court to determine whether the well-pleaded allegations of the Complaint establish that the Government is entitled to the injunctive relief it seeks.  See id. (distinguishing between a defendant's concession via default and a finding that liability has been established).  The court finds that they do[2] and, having carefully reviewed the parties' submissions and the record in this case, recommends that a default judgment for the Government be entered which grants the permanent injunctive relief sought.

---

[1] This document also requests "Public Hazard Insurance policy numbers and or Bonds numbers" for following individuals:  "W. Walter Wilkins, United States Attorney," "Paige G. [sic] Gossett, U.S. Magistrate Judge," "Joseph F. Anderson, Magistrate [sic] Judge," "John R. Monroe, Agent for The Justice Department," "Larry W. Propes, Clerk," "J. Douglas Barnett, Assistant United States Attorney," and "Joseph A. Strickland, Master of Equity-Richland County."  (Id. at 1-2.)  The relevance of this information—even if it existed—to the case at bar escapes the court.

[2] Because the well-pleaded allegations of the Complaint establish that the Government is entitled to the relief it seeks, the court finds that a hearing is not necessary to resolve the Government's motion.  See, e.g., Wright, Miller & Kane, supra, § 2688 (noting that "courts have determined that a hearing is not required before entering a default" but that when it seems advantageous, the court may conduct a hearing to determine whether a default judgment should be entered); see also United States v. Cabrera-Diaz, 106 F. Supp. 2d 234, 243 (D.P.R. 2000) (noting that testimony is not required to be presented before entering a default judgment and declining to hold a hearing before entering a default judgment against a physician and his secretary for submitting false Medicare claims in violation of the False Claims Act).

PJG

Pursuant to 28 U.S.C. § 636(b)(1)(B), the court proposes the following findings of fact and conclusions of law.

**Proposed Findings of Fact**

1.  Winston Able ("Able") resides in Blythewood, South Carolina, and does business in Columbia, South Carolina.

2.  During 2008, Able promoted a tax-fraud scheme that involved filing frivolous tax returns and other frivolous documents with the IRS on behalf of his customers. As part of this scheme, Able promised to prepare tax returns for his customers in exchange for compensation (ranging from $400-$800 per return). In 2008, Able directed his customers to provide him with copies of their personal bills and Forms W-2, along with a payment for the preparation fee. After receiving copies of his customers' bills and Forms W-2, Winston Able, with the assistance of Carl Bouknight and Lillie Harris, prepared and filed fraudulent tax returns (IRS Form 1040), fraudulent IRS Forms 1099-OID and other fraudulent and frivolous documents on behalf of his customers.

3.  The packet of materials Able submitted to the IRS in 2008 generally consisted of the following documents:

    (A) Frivolous IRS Forms 1040 (often for several years) that failed to properly report the customers' income and that were not signed by his customers or Able;

    (B) Form letters and documents similar to ones on websites that promote fraudulent tax schemes, including www.commercialredemption.com;

    (C) Frivolous IRS Forms 1099-OID that the customers purportedly issued to their creditors;

(D) Frivolous IRS Forms 1099-OID that the customers purportedly issued to their employers that falsely report the total amount of the customers' wages as withheld federal income tax;

(E) Copies of the customers' bills and Forms W-2 with the phrase "Money Order Pay to the Order of the U.S. Treasury" written on them;

(F) Frivolous IRS Forms 56, Notice Concerning Fiduciary Relationship, that falsely name the former Secretary of the Treasury, Henry Paulson, as the customers' fiduciary; and

(G) Frivolous IRS Forms 1096, Annual Summary and Transmittal of U.S. Information Returns.

4. The purported returns that Able prepared and filed failed to properly report his customers' income and tax liabilities. Consequently, his customers failed to file proper federal income tax returns, and the IRS has begun to assess I.R.C. § 6702 frivolous-filing penalties against Able's customers.

5. For example, David Pearson, who resides in Ridgeway, South Carolina, paid Able to prepare Pearson's and his wife's 2007 federal income tax return and to amend their 2004, 2005 and 2006 returns. Able, while operating as Reclaim Services, prepared and in February 2008 submitted his frivolous document package to the IRS on behalf of David Pearson. The package filed on behalf of David Pearson included fraudulent federal tax returns (IRS Forms 1040) for the 2004-2007 tax years that failed to properly report his income and tax liabilities.

6. David Pearson's 2005 amended Form 1040 that Able prepared properly reported Pearson's wages according to the IRS 2005 Form W-2 issued to him, but his 2005 amended Form

PJG

1040, as well as his amended 2006 and original 2007 Forms 1040, falsely claim income and withholding based on the false Forms 1099-OID submitted with the returns. David Pearson's amended 2006 Form 1040 fails to report any wage income even though the 2006 Form W-2 attached to the return reports that David Pearson earned over $48,000 in wages in 2006.

7. Similarly, the Pearsons' amended 2004 Form 1040 fails to report any of the Pearsons' wages from 2004 even though the 2004 Form W-2 issued to David Pearson's wife Brenda Pearson that was attached to the return reported $31,945.40 in wages paid to Brenda in 2004. The Pearsons' amended 2004 Form 1040 falsely reports income and withholding based on false Forms 1099-OID submitted with the return. David Pearson paid Able $1,200 for Able's tax-preparation services.

8. Able submitted another frivolous document package to the IRS, including fraudulent amended federal tax returns for the 2005-2007 tax years, on behalf of another customer, Alva Wilson, who resides in Navarre, Florida. Able failed to properly report Alva Wilson's income and tax liabilities on the frivolous amended 2005-2007 Forms 1040 he prepared for him and submitted to the IRS. Alva Wilson paid Able approximately $400 to prepare his tax returns.

9. Accompanying Wilson's returns were false Forms 1099-OID, a false IRS Form 56, Notice Concerning Fiduciary Relationship purporting to appoint former Treasury Secretary, Henry Paulson as his fiduciary and a frivolous letter to addressed to former Secretary Paulson. The frivolous letter to Secretary Paulson purportedly appoints Secretary Paulson as Wilson's trustee, and Wilson claims to be the "Principal, Donor, Settlor, Grantor, Beneficiary, Bailor, Creditor and owner of Treasury Direct Account #XXX-XX-8449, Alva:© of the family of Wilson." The letter submitted by Able on Wilson's behalf also requests that Wilson's tax liabilities be offset against his supposed treasury direct account and requests the closure and settlement of that treasury direct account.

PJG

10. The IRS has begun to assess $5,000 frivolous-filing penalties against Able's customers as a result of the frivolous returns filed by Able.

11. Able falsely assured his customers that he would resolve the assessment of any penalties against them. Able instructed David Pearson and Alva Wilson to forward to him correspondence that they received from the IRS relating to the frivolous returns that Able submitted to the IRS.

12. Able falsely told David Pearson that the IRS's notices to David Pearson were part of a delay tactic by the government to avoid paying Pearson money that Pearson was purportedly owed as a result of Able's filings.

13. Able promoted his tax-fraud scheme through word-of-mouth and through at least one seminar held in 2008 at the office of Prosperity Exchange Group in Columbia, South Carolina. David Pearson heard about Able's services from his insurance agent, Bill Smith, who owned Prosperity Exchange Group, an insurance and financial planning business. Smith informed Pearson that Able and Reclaim Services employed a method of preparing tax returns that would allow Pearson to receive larger tax refunds. Alva Wilson heard about Able's services from one or more of Wilson's family members in South Carolina who were also Bill Smith's clients. Smith told Wilson that Able knew how to prepare tax returns in a way that would allow Wilson to receive larger tax refunds. Smith's Prosperity Exchange Group's office is located next to Able's offices in Columbia, South Carolina.

14. In the Spring of 2008, Able promoted the tax-fraud services of Reclaim Services to approximately 40 or 50 customers at a seminar held in Columbia, South Carolina at the offices of Smith's Prosperity Exchange Group. During this seminar Able distributed blank spreadsheets for

PJG

customers to use to summarize expenses that the customers incurred during 2008. Able said that the purpose of the blank spreadsheets was to make his operations more efficient in 2009. During this seminar Able told his customers that Reclaim Services could make them "private citizens." Able stated that becoming a "private citizen" entitled persons to recover money, in the range of hundreds of thousands of dollars, that the government owed them.

15. Able's tax-fraud scheme is a version of the repeatedly rejected "redemption" scheme. Proponents of redemption schemes claim that the government commits a fraud when it attempts to collect tax debts and that this purported fraud allows individuals to "chargeback" debts that the government purportedly owes to these individuals to eliminate any liability to the government. The materials Able submitted to the IRS purport to create fictitious bank accounts known as a "Treasury Direct Account" where the value of the supposed charged-back debt is held.

16. The IRS has identified approximately 200 packets of returns or forms that were prepared and filed by Able's business on behalf of customers. Able's scheme is part of a growing trend among tax defiers to file frivolous tax returns and Forms 1099-OID with the IRS and courts in an attempt to escape their federal tax obligations and steal from the U.S. Treasury. Several of the documents Able submitted to the IRS are identical to documents available on websites promoting tax defier positions including: www.commercialredemption.com and www.freedomfiles.org. The apparent purpose of Able's frivolous IRS Forms 1040 and IRS Forms 1099-OID is to purport to satisfy the tax return filing requirements of the customer and lay the foundation for large refund requests or for the purpose of purporting to satisfy the taxpayer's tax obligations or other personal debts.

*PJG*

17. The returns that Able submits on behalf of his customers falsely claim that his customer withheld an amount listed on fraudulent Forms 1099-OID that Able prepares and attaches to the tax return. The amounts listed on the Forms 1099-OID are based on the total amount of debt the customer owes to his/her creditor and/or the total wages earned by the customer.

18. For example, using the above-described scheme, the frivolous 2007 Form 1040 tax return that Able filed on his own behalf included a fraudulent refund claim in the amount of $79,948.

19. The approximately 200 frivolous Forms 1099-OID and frivolous Forms 1040 submitted by Able contain fraudulent claims for refund of taxes totaling over $13 million.

20. In reliance on Able's services, his customers have failed to file proper federal income tax returns, which has either deprived his customers of proper tax refunds to which they may have been entitled or deprived the United States of additional tax revenue owed by his customers. As a result of the frivolous documents submitted by Able, some of his customers have been assessed $5,000 penalties (per instance of penalty conduct) pursuant to I.R.C. § 6702. In addition to the lost revenue due to the failure of Able's customers to file proper income tax returns, the government has also incurred the expense of conducting the investigation of Able's fraudulent promotion and responding to and processing the frivolous documents Able submitted to the IRS.

## Conclusions of Law

21. Jurisdiction is conferred on this court by 28 U.S.C. §§ 1340 and 1345 and I.R.C. §§ 7402(a), 7407, and 7408.

22. Venue is proper in this court under 28 U.S.C. § 1391.

23. Where, as here, default has been entered, the defendant loses his standing before the court, as well as his right to present evidence on issues other than unliquidated damages. On entry

PJG

of default, "the well-pleaded allegations of the complaint relating to liability are taken as true." Moreover, the court may take judicial notice of its own docket. The effect of the court's entry of default in this case on October 23, 2009, therefore, is to preclude the defendant from contesting the allegations in the Complaint.

23. Internal Revenue Code § 7407 authorizes the United States to seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

24. If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.,* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

25. Able has repeatedly prepared and filed with the IRS false and frivolous federal income tax returns on behalf of his customers.

26. As a result, Able has repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

27. Able has repeatedly and continually prepared and filed federal tax returns that understate his customers' tax liabilities as a result of unreasonable and frivolous claims and has thus engaged in conduct subject to penalty under I.R.C. § 6694.

28. Able has repeatedly and continually prepared and filed federal tax returns that understate his customers' tax liabilities as a result of Able's willful attempt to understate his

*PJG*

customers' tax liabilities and/or Able's reckless and/or intentional disregard of internal revenue laws and regulations.

29. Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Able is likely to continue to prepare false federal income tax returns and engage in other misconduct of the type described in this complaint.

30. Able should be permanently enjoined under I.R.C. § 7407 from acting as a federal tax return preparer because a more limited injunction would be insufficient to stop him from interfering with the proper administration of the tax laws.

31. I.R.C. § 7408 authorizes a district court to enjoin any person from, *inter alia*, engaging in conduct subject to penalty under I.R.C. § 6700 or 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

32. Section 6700 imposes a penalty on any person who organizes or participates in the sale of a plan or arrangement and, in so doing, makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false or fraudulent as to any material matter.

33. In 2008, Able organized and participated in the sale of a plan or arrangement and, in doing so, made false and fraudulent statements with respect to the tax benefits of participating in the plan or arrangement which Able knew or had reason to know were false.

34. Able falsely promised larger tax refunds from the government, which he knew or had reason to know was predicated on the submission of false and frivolous documents to the IRS.

35. As a result, Able engaged in conduct subject to penalty under I.R.C. § 6700.



36. Section 6701 imposes a penalty on any person who aids or assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

37. Able prepared and aided or assisted in the preparation and filing of federal income tax returns and other documents that resulted in the understatement of his customers' tax liabilities.

38. As a result, Able engaged in conduct subject to penalty under I.R.C. § 6701.

39. Winston Able has refused to cooperate with the IRS's investigation and has shown no remorse for his actions. He has not offered to refund to customers the fees he charged for preparing and filing frivolous submissions to the IRS. Nor has Able offered to reimburse his customers for the $5,000 penalties imposed on those customers based on the frivolous filings.

40. Injunctive relief under I.R.C. § 7408 is appropriate to prevent recurrence of Able's penalty conduct.

41. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

42. Able substantially interfered with the enforcement of the internal revenue laws by promoting his "redemption" tax-fraud scheme and filing frivolous federal tax returns and other documents on behalf of his customers.

43. As a result of Able's misconduct, his customers failed to file proper tax returns.

*PJG*

44. Able's conduct results in irreparable harm to the United States for which the United States has no adequate remedy at law.

45. Able's conduct interferes with the proper administration of the Internal Revenue Code because it results in hundreds of frivolous filings with the IRS that harass public officials and hinder the IRS's ability to determine the correct tax liabilities of his customers.

46. Unless enjoined by this court, Able will continue to promote and administer his tax-fraud scheme.

47. The United States is entitled to injunctive relief under I.R.C. § 7402(a) to prevent the recurrence of this misconduct.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Government's motion for default judgment (Docket Entry 44) be granted and that a permanent injunction be entered, substantially in the following form, against Able, both individually and doing business as Reclaim Services:

    A.    Pursuant to I.R.C. §§ 7402 and 7407, Winston Able and his representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with them, are permanently enjoined from directly or indirectly;

        (1)    Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;

        (2)    Filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040 or Forms 1099 for himself or others, including the notarization or signing of certificates of service or other similar documents in connection with the frivolous tax returns;

        (3)    Giving tax advice or assistance to anyone for compensation;

        (4)    Engaging in any other activity subject to penalty under the Internal Revenue Code; and

        (5)    Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

*PJG*

B. Pursuant to I.R.C. §§ 7402 and 7408, Able is permanently enjoined from directly or indirectly through representatives, agents, servants, employees, and anyone in active concert or participation with him by means of false, deceptive, or misleading commercial speech:
- (1) Organizing or selling tax shelters, plans or arrangements that advise or assist taxpayers to attempt to evade the assessment or collection of such taxpayers' correct federal tax;
- (2) Engaging in any other activity subject to penalty under I.R.C. § 6700, including organizing or selling a plan or arrangement and making a statement regarding the excludability of income or any other tax benefit by participating in the plan that he knows or has reason to know is false or fraudulent as to any material matter;
- (3) Engaging in any activity subject to penalty under I.R.C. § 6701; and
- (4) Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or encourages taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of the "zero income" tax return and false Forms 1099-OID based on the false claims that:
    - i. Taxpayers can name the Secretary of the Treasury as their fiduciary and/or can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099-OID, bonded promissory notes, sights drafts or other documents;
    - ii. Taxpayers can issue false Forms 1099-OID to a creditor and report the amount on the false Form 1099 as income taxes withheld on their behalf;
    - iii. Taxpayers can use the Uniform Commercial Code to "accept for value" a document dealing with a debt and can stamp a document with "accept for value" or similar wording to satisfy that debt including a tax debt;
    - iv. Taxpayers have a secret account with the Treasury Department which they can use to pay their debts or which they can draw on for refunds through a process that is often called "redemption" or "commercial redemption"; and
    - v. Taxpayers may become "private citizens," which entitles them to tax refunds in excess of what those taxpayers may actually be entitled to under law;

C. Pursuant to I.R.C. § 7402, Able is permanently enjoined from preparing his own federal income tax returns claiming false income tax withholding and refunds based on amounts shown in false Forms 1099-OID issued to his creditors;

D. Pursuant to I.R.C. § 7402, Able is permanently enjoined from filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040 or Forms 1099 for himself or others, including the notarization or signing of



certificates of service or similar documents in connection with the frivolous tax returns;

E. Pursuant to I.R.C. § 7402, Able must contact by mail (and also by e-mail, if an address is known) all persons who have purchased any products, services or advice associated with the false or fraudulent tax scheme described in this order and inform those persons of this court's findings concerning the falsity of Winston Able's prior representations and attach a copy of this order. Able must mail the copies within 45 days of the date of this order and within 10 days thereafter must file with the court a sworn certificate stating that he has complied wit this requirement. The mailings shall include a cover letter in a form either agreed to by counsel for the United States or approved by the court, and shall not include any other documents or enclosures;

F. Pursuant to I.R.C. § 7402, Able is required to provide to the United States a list of all persons who have purchased any products, services or advice from him in the past three years; and

G. The government is authorized to conduct full post-judgment discovery to monitor Winston Able's compliance with this injunction.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).